OPINION
{¶ 1} Defendant-Appellant, Daniel E. Bulkowski, appeals the judgment of the Seneca County Court of Common Pleas, resentencing him to consecutive prison terms. On appeal, Bulkowski asserts that the trial court deprived him of a liberty interest without due process of law; that the trial court violated the ex post facto clause in resentencing him; and, that the trial court committed plain error in resentencing him. Finding that the trial court did not deprive Bulkowski of a liberty interest without due process of law, did not violate the ex post facto clause, and did not commit plain error in resentencing him, we affirm the judgment of the trial court.
 {¶ 2} In September 2002, the Seneca County Grand Jury indicted Bulkowski for one count of attempted murder in violation of R.C.2923.02(A) and R.C. 2903.02(A), a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; and, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. Subsequently, Bulkowski entered pleas of not guilty and not guilty by reason of insanity to all three counts in the indictment.
 {¶ 3} In December 2002, Bulkowski withdrew his pleas of not guilty and not guilty by reason of insanity and entered a negotiated plea of guilty to the felonious assault and tampering with evidence counts, in exchange for dismissal of *Page 3 
the attempted murder count of the indictment. Thereafter, the trial court convicted Bulkowski on the felonious assault and tampering with evidence counts and sentenced him to a seven-year prison term on the felonious assault count and to a two-year prison term on the tampering with evidence count, to be served consecutively. Additionally, the trial court subjected Bulkowski to a mandatory term of post-release control and ordered him to pay restitution and costs.
 {¶ 4} In July 2003, Bulkowski moved for post-conviction relief.
 {¶ 5} In January 2005, Bulkowski moved for leave to amend his motion for post-conviction relief, which the trial court granted.
 {¶ 6} In November 2005, the trial court dismissed Bulkowski's motion for post-conviction relief, from which Bulkowski appealed.
 {¶ 7} In August 2006, this Court vacated Bulkowski's December 2002 sentence and remanded his case for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v. Bulkowski, 3d Dist. No. 13-05-43, 2006-Ohio-1888. Thereafter, the trial court held a resentencing hearing and imposed a sentence identical to the December 2002 sentence upon Bulkowski.
 {¶ 8} It is from this judgment that Bulkowski appeals, presenting the following assignments of error for our review. *Page 4 
 Assignment of Error No. I THE TRIAL COURT ERRED BY DEPRIVING THE APPELLANT OF A LIBERTY INTEREST WITHOUT DUE PROCESS OF LAW.
 Assignment of Error No. II THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT IN VIOLATION OF THE EX POST FACTO CLAUSE.
 Assignment of Error No. III THE TRIAL COURT COMMITTED PLAIN ERROR IN RESENTENCING THE APPELLANT.
 {¶ 9} Due to the nature of Bulkowski's assignments of error, we elect to address his first and second assignments of error together.
 Assignments of Error Nos. I II {¶ 10} In his first assignment of error, Bulkowski asserts that the trial court erred by depriving him of a liberty interest without due process of law. In his second assignment of error, Bulkowski asserts that the trial court erred in sentencing him in violation of the ex post facto clause. Specifically, Bulkowski contends that Foster eliminated the statutory elements required to impose any sentence other than a minimum, concurrent one in violation of the due process and ex post facto clauses of the United States Constitution. We disagree.
 {¶ 11} Foster addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial *Page 5 
findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void, and severed them. 109 Ohio St.3d at ¶ 100.
 {¶ 12} This Court has previously held that the Foster decision does not violate the due process and ex post facto clauses. See State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶¶ 14-20. For the reasons set forth in McGhee, we find that Bulkowski's arguments lack merit.
 {¶ 13} Bulkowski committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000),530 U.S. 466, 490, which foreshadowed a major change in criminal sentencing law. Additionally, Bulkowski had notice of the potential penalties for his unlawful conduct given the statutory sentencing range for those offenses for which he was convicted has remained unchanged. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 14} Accordingly, we overrule Bulkowski's first and second assignments of error.
 Assignment of Error No. III {¶ 15} In his third assignment of error, Bulkowski asserts that the trial court committed plain error in resentencing him. Specifically, Bulkowski contends that the Ohio Supreme Court did not have the authority to sever the unconstitutional portions of Ohio's felony sentencing statutes in Foster. We disagree. *Page 6 
 {¶ 16} We note that Bulkowski failed to raise this argument during his resentencing. As such, Bulkowski has waived this issue on appeal except as to plain error. State v. Long (1978), 53 Ohio St.2d 91, 97; Crim.R. 52(B). A reviewing court recognizes plain error "`with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.'" State v. Landrum (1990), 53 Ohio St.3d 107,111, quoting Long, 53 Ohio St.2d at paragraph three of the syllabus. Under the plain error standard, an appellant must demonstrate that the outcome would clearly have been different but for the errors that he alleges. State v. Waddell (1996), 75 Ohio St.3d 163, 166,1996-Ohio-1043, citing State v. Moreland (1990), 50 Ohio St.3d 58.
 {¶ 17} Here, Bulkowski argues that Foster's determination that certain provisions of the felony sentencing statutes were unconstitutional rendered those felony sentencing statutes in their entirety unconstitutional; that Foster's severance remedy violated separation of powers principles; and, that Foster's severance remedy did not comport with the legislature's intent regarding felony sentencing.
 {¶ 18} This Court has previously addressed arguments similar to those of Bulkowski's and determined that they lack merit. See State v.Daniels, 3d Dist. No. 17-06-15, 2007-Ohio-2281, ¶¶ 14-16. *Page 7 
 {¶ 19} In applying the severance remedy, Foster engaged in a lengthy discussion of the possible ways in which to comply with the United States Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, before concluding that severance would best preserve the legislative intent of "community safety and appropriate punishment" and "truth in sentencing." 109 Ohio St.3d at ¶ 102. Likewise,Foster determined that, under the well-established Geiger test to determine whether severance is appropriate, Geiger v. Geiger (1927), 117 Ohio St. 451, 466, the unconstitutional provisions were capable of being severed. 109 Ohio St.3d at ¶¶ 95-96. Additionally, the General Assembly authorized severance of any provision of a statute that is held invalid and is capable of being severed. See R.C. 1.50.
 {¶ 20} Further, we note that "all trial courts and intermediate courts of appeal are charged with accepting and enforcing the law as promulgated by the Supreme Court and are bound by and must follow the Supreme Court's decision." World Diamond, Inc. v. Hyatt Corp. (1997),121 Ohio App.3d 297, 306; see, also, Thompson v. Moore (1943),72 Ohio App. 539. As we have no power to overrule the Supreme Court's decisions, it is not our role to determine the Supreme Court's authority.Bolton v. Barkhurst (1971), 27 Ohio Misc. 105, judgment aff'd,40 Ohio App.2d 353.
 {¶ 21} Accordingly, we overrule Bulkowski's third assignment of error. *Page 8 
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. r *Page 1