OPINION *Page 2 
{¶ 1} Defendant-Appellant, James A. Orwick, appeals the judgment of the Hancock County Court of Common Pleas sentencing him to non-minimum, consecutive prison terms. On appeal, Orwick argues that the felony sentencing statutes set forth in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violate due process. Finding that Foster does not violate Orwick's due process rights, we affirm the judgment of the trial court.
 {¶ 2} In November 2001, the Hancock County Grand Jury indicted Orwick for one count of gross sexual imposition in violation of R.C.2907.05(A)(1), a felony of the fourth degree; thirteen counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree; and, fifteen counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree. Subsequently, Orwick entered a plea of not guilty as to all counts in the indictment.
 {¶ 3} In June 2004, a jury found Orwick guilty on the gross sexual imposition count and on two rape counts, but found him not guilty on the remaining counts.
 {¶ 4} In October 2004, the trial court sentenced Orwick to an eighteen-month prison term on the gross sexual imposition count and to an eight year prison term on each rape count, all to be served consecutively for an aggregate of seventeen years and six months. Also, the trial court classified Orwick as a sexual predator. Subsequently, Orwick appealed his conviction and sentence to this Court. *Page 3 
 {¶ 5} In August 2005, this Court affirmed the trial court's judgment in State v. Orwick, 3d Dist. No. 5-04-42, 2005-Ohio-4444.
 {¶ 6} In October 2005, Orwick appealed to the Ohio Supreme Court.
 {¶ 7} In May 2006, the Ohio Supreme Court reversed and remanded the case to the trial court for resentencing pursuant to Foster in In reOhio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2109.
 {¶ 8} In October 2006, the trial court resentenced Orwick to a sentence identical to the sentence imposed in October 2004.
 {¶ 9} It is from this judgment that Orwick appeals, presenting the following assignment of error for our review.
 THE JUDICIALLY CREATED FELONY SENTENCING STATUTES PURSUANT TO STATE V. FOSTER VIOLATE THE DUE PROCESS CLAUSE.
 {¶ 10} In his sole assignment of error, Orwick asserts that the judicially created felony sentencing statutes set forth underFoster violate the due process clause. Specifically, Orwick argues that, because Foster gave the trial court complete discretion to impose any sentence, it enlarged the sentencing statutes. Thus, Orwick contends that Foster violated his due process rights when applied retroactively to him. We disagree.
 {¶ 11} In Foster, the Ohio Supreme Court held parts of the felony sentencing statute that required judicial factfinding before imposition of non-minimum or consecutive sentences to be unconstitutional and severed those parts. Foster, *Page 4 
109 Ohio St.3d at ¶ 100. Accordingly, Foster held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Additionally, Foster declared that "our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings[.] * * *" Id. at ¶ 102.
 {¶ 12} This Court in State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162, found that Foster did not violate the due process clause. Here, Orwick committed the crimes in question in 2001, afterApprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, was decided, which provided notice that a major change in criminal sentencing law was probable. Additionally, Orwick had notice of the sentencing range for his offenses prior to their commission, and that sentencing range has remained unchanged. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A). Thus, consistent with our opinion in State v. McGhee, we find Orwick's arguments unpersuasive.
 {¶ 13} Orwick further contends that the United States Supreme Court's recent holding in Cunningham v. California (2007), 127 S.Ct. 856, is contrary to McGhee and Foster and urges this Court to vacate and remand his sentence on that basis. Specifically, Orwick argues thatMcGhee and Foster are contrary to Cunningham because their *Page 5 
interpretation of Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, differs from Cunningham's interpretation ofBlakely.
 {¶ 14} In Cunningham, the United States Supreme Court evaluated the constitutionality of California's determinate sentencing law (hereinafter referred to as "DSL"), a three tier system in which each offense carried a lower, middle, and upper term sentence. Id. at 861-62. The DSL provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." Id. It was the duty of the trial judge to determine circumstances in aggravation or mitigation and choose the appropriate tier of sentencing. As a result, the Supreme Court held that "because the DSL allocates to judges sole authority to find facts permitting the imposition of an upper term sentence, the system violates the Sixth Amendment." Id. at 870. In making this determination, the Court referenced Blakely. Blakely concerned Washington's Reform Act, which contained a standard range for each offense. Sentencing above the standard range could not be imposed absent findings of specific facts by the judge. If findings were made, the trial judge could impose up to a maximum sentence. Blakely found the Reform Act unconstitutional because it violated the Constitution's jury trial guarantee. Blakely,542 U.S. at 305.
 {¶ 15} As a remedy, Cunningham held that "`[M]erely advisory provisions,' recommending but not requiring `the selection of particular sentences in response to differing sets of facts would not implicate the Sixth Amendment.' To remedy the *Page 6 
constitutional infirmity * * *, the Court's majority excised provisions that rendered the system mandatory, leaving the Guidelines in place as advisory only." Cunningham, 127 S. Ct. at 870, quotingUnited States v. Booker, 543 U.S. 220, 245-246, 125 S.Ct. 738. This is precisely the remedy Foster chose to fix the Ohio statutes. SeeFoster at ¶¶ 99-101.
 {¶ 16} Thus, Foster is consistent with Blakely and Cunningham because it held those portions requiring judicial factfinding unconstitutional and, alternatively, held that judges have the discretion to impose a prison term within the statutory range. Like Cunningham, in doing so,Foster relied upon Blakely, stating:
 the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. (Emphasis sic and citations omitted).
Foster, 109 Ohio St.3d at ¶ 7, quoting Blakely, 542 U.S. at 303-304.
 {¶ 17} While Orwick asserts that this passage mandates that the maximum sentence he could receive was three years for each rape conviction and six months for the gross sexual imposition conviction, to be served concurrently, his argument ignores Foster. In accordance withBlakely, Foster chose to remedy the Ohio sentencing statutes by making them advisory. Thus, the trial judge had discretion to impose any term up to the statutory maximum. In determining the statutory maximum,Foster held that *Page 7 
"[O]hio's `statutory maximum' for purposes of Apprendi and its progeny, the maximum prison term authorized by the jury verdict or the facts admitted by a defendant upon acceptance of a plea[,] is the top of the sentencing range for the crime of which the defendant is convicted. For example, if the offender is convicted of a first-degree felony, the `statutory maximum' is ten years under R.C. 2929.14(A)(1)." Id. at ¶ 96. Additionally, the Ohio Supreme Court held that "judicial fact-finding is not required before imposition of consecutive prison terms." Id. at ¶ 99.
 {¶ 18} Consequently, we find that McGhee and Foster are consistent with Cunningham.
 {¶ 19} Accordingly, we overrule Orwick's assignment of error.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1