OPINION *Page 2 
{¶ 1} Defendant-Appellant, Kenneth Kindle, appeals the judgment of the Hancock County Court of Common Pleas, convicting him and sentencing him to a non-minimum prison term. On appeal, Kindle asserts that the trial court erred by imposing a non-minimum sentence in violation of the due process and ex post facto clauses; that the trial court committed plain error by imposing a non-minimum sentence; and, that the trial court did not have the authority to impose a non-minimum sentence. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In December 2006, the Hancock County Grand Jury indicted Kindle for one count of possession of crack cocaine in violation of R.C.2925.11(A),(C)(4)(b), a felony of the fourth degree, following an incident in November 2006 whereby the drugs were found on Kindle's person pursuant to a search during a traffic stop. Subsequently, Kindle entered a plea of not guilty to the count in the indictment.
 {¶ 3} In March 2007, the case proceeded to jury trial, where a Hancock County jury convicted Kindle of the count as charged in the indictment.
 {¶ 4} In April 2007, the trial court sentenced Kindle to a fifteen-month prison term. Kindle did not enter any objections during sentencing. *Page 3 
 {¶ 5} It is from this judgment that Kindle appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINGTON (2004), 542 U.S. 296; UNITED STATES V. BOOKER (2005), 543 U.S. 220.
 Assignment of Error No. II THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. KINDLE DUE PROCESS OF LAW BY IMPOSING A NON-MINIMUM SENTENCE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 Assignment of Error No. III THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE A NON-MINIMUM SENTENCE.
 {¶ 6} Due to the nature of Kindle's assignments of error, we elect to address all of them together.
 Assignments of Error Nos. I, II, III {¶ 7} In his first assignment of error, Kindle asserts that the trial court violated his due process rights and the ex post facto clause by imposing a non-minimum prison sentence. In his second assignment of error, Kindle asserts that *Page 4 
the trial court committed plain error and violated his due process rights by imposing a non-minimum sentence. In his third assignment of error, Kindle asserts that the trial court lacked the authority to impose a non-minimum sentence. Specifically, Kindle contends that the severance remedy employed by State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violates the Ex Post Facto and Due Process Clauses of the United States Constitution and was unforeseeable; that the manner in which the Supreme Court of Ohio applied the severance remedy does not comport with Cunningham v. California (2007), 127 S.Ct. 856; and, that, when Foster severed the unconstitutional portions or R.C. 2929.14, it also severed the trial court's authority to impose non-minimum sentences. We disagree.
 {¶ 8} In the aftermath of the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466, 490, and Blakely,Foster addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void, and severed them. 109 Ohio St.3d at ¶ 100. In doing so, Foster applied the same remedy as the United States Supreme Court in Booker. Id. at ¶¶ 91-92.Foster also determined that its holding would apply retroactively to those cases pending on direct review or not yet final. Id. at ¶ 104. *Page 5 
 {¶ 9} Here, Kindle first argues that Foster's severance remedy violates his due process rights, operates as an ex post facto law, and was unforeseeable. We note at the outset that "this Court is inferior in jurisdiction to the Ohio Supreme Court and must follow its mandates. Accordingly, we lack the jurisdictional authority under Article IV, Section 3(B)(2) of the Ohio Constitution to declare a mandate of the Ohio Supreme Court to be unconstitutional." State v. Herbert, 3d Dist. No. 16-06-12, 2007-Ohio-4496, ¶ 21, citing State v. Bulkowski, 3d Dist. No. 13-06-29, 2007-Ohio-3137, ¶ 20, State v. Jefferson, 2d Dist. No. 21671, 2007-Ohio-3583, ¶ 9 (citations omitted), World Diamond, Inc. v.Hyatt Corp. (1997), 121 Ohio App.3d 297, 306, and Thompson v. Moore
(1943), 72 Ohio App. 539.
 {¶ 10} Moreover, we have previously held on numerous occasions that the Foster decision does not violate the due process and ex post facto clauses. See State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶¶ 14-20, and subsequent cases citing thereto. For the reasons set forth in McGhee, we find that Kindle's arguments lack merit. In applying the severance remedy, Foster engaged in a lengthy discussion of the possible ways in which to comply with the United States Supreme Court's decision in Blakely, before concluding that severance would best preserve the legislative intent of "community safety and appropriate punishment" and "truth in sentencing." 109 Ohio St.3d at ¶ 102. Likewise,Foster determined that, under the well-established Geiger test to determine whether *Page 6 
severance is appropriate, Geiger v. Geiger (1927), 117 Ohio St. 451,466, the unconstitutional provisions were capable of being severed. 109 Ohio St.3d at ¶¶ 95-96. Additionally, the General Assembly authorized severance of any provision of a statute that is held invalid and is capable of being severed. See R.C. 1.50.
 {¶ 11} Furthermore, Foster has not been applied retroactively to Kindle because he committed the offense at issue in November 2006, well after Foster was decided in February 2006. Thus, Kindle's arguments thatFoster operates as an ex post facto law and that the severance remedy applied by Foster was somehow unforeseeable when he committed the crime are completely without merit. Moreover, Kindle had notice of the potential penalties for his unlawful conduct given the statutory sentencing range for a fourth degree felony has remained unchanged. See R.C. 2929.14(A)(4).
 {¶ 12} Next, Kindle argues that the manner in which the Supreme Court of Ohio applied the severance remedy does not comport withCunningham, 127 S.Ct. 856. We have addressed and rejected this argument previously in State v. Orwick, 3d Dist. No. 5-06-59, 2007-Ohio-4488, explaining:
 In Cunningham, the United States Supreme Court evaluated the constitutionality of California's determinate sentencing law (hereinafter referred to as "DSL"), a three tier system in which each offense carried a lower, middle, and upper term sentence. Id. at 861-62. The DSL provided that "the court shall order imposition of the middle term, unless there are circumstances in *Page 7 aggravation or mitigation of the crime." Id. It was the duty of the trial judge to determine circumstances in aggravation or mitigation and choose the appropriate tier of sentencing. As a result, the Supreme Court held that "because the DSL allocates to judges sole authority to find facts permitting the imposition of an upper term sentence, the system violates the Sixth Amendment." Id. at 870. * * *
 As a remedy, Cunningham held that "`[M]erely advisory provisions,' recommending but not requiring `the selection of particular sentences in response to differing sets of facts would not implicate the Sixth Amendment.' To remedy the constitutional infirmity * * *, the Court's majority excised provisions that rendered the system mandatory, leaving the Guidelines in place as advisory only." Cunningham, 127 S.Ct. at 870, quoting United States v. Booker, 543 U.S. 220, 245-246, 125 S.Ct. 738. This is precisely the remedy Foster chose to fix the Ohio statutes. See Foster at ¶¶ 99-101.
Orwick, 2007-Ohio-4488, at ¶¶ 14-15. Thus, Foster complies withCunningham and Kindle's argument to the contrary reflects a misunderstanding of Cunningham.
 {¶ 13} Finally, Kindle argues that the trial court lacked the authority to impose a non-minimum sentence because, when Foster severed the unconstitutional provisions of Ohio's sentencing scheme, it also severed a trial court's authority to impose non-minimum sentences. Kindle's argument ignores the explicit holdings of Foster, in which the Court clearly stated that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d at paragraph *Page 8 
seven of the syllabus (emphasis added). Additionally, the Court stated "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to impose prison terms within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact that Blakely prohibits." Id. at ¶ 102. "Courts shall consider these portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105. The sentencing range for a fourth degree felony is six to eighteen months in prison, and the trial court imposed a fifteen-month prison term on Kindle. Thus, we find that the trial court did not err in imposing a non-minimum sentence upon Kindle.
 {¶ 14} Accordingly, we overrule Kindle's first, second, and third assignments of error.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1