OPINION
{¶ 1} Defendant-Appellant, William Land, appeals the judgment of the Auglaize County Court of Common Pleas, sentencing him to non-minimum, maximum, and consecutive prison terms. On appeal, Land asserts that the trial court violated his due process rights and committed plain error by imposing non-minimum, maximum, and consecutive sentences and that the trial court lacked the authority to impose non-minimum, maximum, and consecutive sentences. Finding that Land's assertions lack merit, we affirm the judgment of the trial court.
 {¶ 2} In November 2006, an Auglaize County Grand Jury indicted Land on two counts of rape in violation of R.C. 2907.02(A)(1)(c), felonies of the first degree; two counts of sexual battery in violation of R.C.2907.03(A)(2), felonies of the third degree; and, two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5), felonies of the fourth degree. Subsequently, Land entered a plea of not guilty to all charges in the indictment.
 {¶ 3} In February 2007, Land withdrew his not guilty plea and entered a negotiated plea of guilty to one count of rape in violation of R.C.2907.02(A)(1)(c), a felony of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(5), a felony of the fourth degree. The remaining counts were dismissed. *Page 3 
 {¶ 4} In April 2007, the trial court sentenced Land to a ten-year prison term on the rape count and to an eighteen-month prison term on the gross sexual imposition count, to be served consecutively. The trial court also classified Land as a sexual predator.
 {¶ 5} It is from this judgment that Land appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINTON (2004), 542 U.S. 296; UNITED STATES V. BOOKER (2005), 543 U.S. 220; CUNNINGHAM V. CALIFORNIA (2007), 127 S.CT. 856. TRANSCRIPT OF SEXUAL PREDATOR STATUS/SENTENCE AT 51; APRIL 27, 2007, JUDGMENT ENTRY — ORDERS ON STATUS AS A SEXUAL PREDATOR AND SENTENCING AT 2.
 Assignment of Error No. II THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. LAND DUE PROCESS OF LAW BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. TRANSCRIPT OF SEXUAL PREDATOR STATUS/SENTENCE AT 51; APRIL 27, 2007, JUDGMENT ENTRY — ORDERS ON STATUS AS A SEXUAL PREDATOR AND SENTENCING AT 2. *Page 4 
 Assignment of Error No. III THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES. TRANSCRIPT OF SEXUAL PREDATOR STATUS/SENTENCE AT 51; APRIL 27, 2007, JUDGMENT ENTRY — ORDERS ON STATUS AS A SEXUAL PREDATOR AND SENTENCING AT 2.
 {¶ 6} Due to the nature of Land's assignments of error, we elect to address them together.
 Assignments of Error Nos. I, II, III {¶ 7} In his first assignment of error, Land asserts that the trial court violated his due process rights by imposing non-minimum, maximum, and consecutive sentences. In his second assignment of error, Land asserts that the trial court committed plain error by imposing non-minimum, maximum, and consecutive sentences. In his third assignment of error, Land asserts that the trial court lacked the authority to impose non-minimum, maximum, and consecutive sentences. Essentially, Land contends that State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, does not comply with Blakely; that, in Cunningham, the United States Supreme Court rejected a remedy similar to that employed byFoster; that Foster severed the provisions authorizing a trial court to impose non-minimum, maximum, and consecutive sentences; that his trial counsel was ineffective for *Page 5 
failing to raise these issues during sentencing; and, that the trial court exceeded its authority by following Foster. We disagree.
 {¶ 8} In the aftermath of the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466, 490, and Blakely,Foster addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void, and severed them. 109 Ohio St.3d at ¶ 100. In doing so, Foster applied the same remedy as the United States Supreme Court in Booker. Id. at ¶¶ 91-92.
 {¶ 9} Here, Land challenges the validity of Foster on grounds nearly identical to that raised and rejected in recent cases decided by this Court. See, e.g., State v. Orwick, 3d Dist. No. 5-06-59, 2007-Ohio-4488;State v. Kindle, 3d Dist. No. 5-07-11, 2007-Ohio-6422. We note at the outset that "this Court is inferior in jurisdiction to the Ohio Supreme Court and must follow its mandates. Accordingly, we lack the jurisdictional authority under Article IV, Section 3(B)(2) of the Ohio Constitution to declare a mandate of the Ohio Supreme Court to be unconstitutional." State v. Herbert, 3d Dist. No. 16-06-12,2007-Ohio-4496, ¶ 21, citing State v. Bulkowski, 3d Dist. No. 13-06-29,2007-Ohio-3137, ¶ 20, State v. Jefferson, 2d Dist. No. 21838,2007-Ohio-3584, ¶ 9 (citations omitted), World *Page 6 Diamond, Inc. v. Hyatt Corp. (1997), 121 Ohio App.3d 297, 306, andThompson v. Moore (1943), 72 Ohio App. 539.
 {¶ 10} Moreover, we have previously held on numerous occasions thatFoster does not violate the Due Process Clause. See State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶¶ 14-20, and subsequent cases citing thereto. For the reasons set forth in McGhee, we find that Land's arguments lack merit. In applying the severance remedy,Foster engaged in a lengthy discussion of the possible ways in which to comply with the United States Supreme Court's decision inBlakely before concluding that severance would best preserve the legislative intent of "community safety and appropriate punishment" and "truth in sentencing." 109 Ohio St.3d at ¶ 102. Likewise,Foster determined that, under the well-established Geiger test to determine whether severance is appropriate, Geiger v. Geiger (1927), 117 Ohio St. 451, 466, the unconstitutional provisions were capable of being severed. 109 Ohio St.3d at ¶¶ 95-96. Additionally, the General Assembly authorized severance of any provision of a statute that is held invalid and is capable of being severed. See R.C. 1.50.
 {¶ 11} Furthermore, Land argues that the manner in which the Supreme Court of Ohio applied the severance remedy does not comport withCunningham. However, as we noted in Orwick and Kindle, supra,Cunningham struck down California's three-tiered determinate sentencing law, which required trial courts to *Page 7 
make certain findings of facts before imposing a higher-tier prison term. 127 S.Ct. at 870. Cunningham remedied the constitutional infirmity by severing those portions making the scheme mandatory, leaving only advisory guidelines in place, which is the precise remedy adopted byFoster. Thus, Foster complies with Cunningham and Land's argument to the contrary reflects a misunderstanding of Cunningham.
 {¶ 12} Next, Land argues that the trial court lacked the authority to impose non-minimum, maximum, and consecutive sentences because, whenFoster severed the unconstitutional provisions of Ohio's sentencing scheme, it also severed a trial court's authority to impose such sentences. Land's argument ignores the explicit holdings ofFoster, in which the Court clearly stated that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d at paragraph seven of the syllabus (emphasis added).
 {¶ 13} Additionally, the Court stated "[o]ur remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits." Id. at ¶ 102. "Courts shall consider those portions of the sentencing code that are *Page 8 
unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105. The sentencing range for a first degree felony is one to ten years in prison, and the trial court imposed the maximum of ten years. Likewise, the sentencing range for a fourth degree felony is six to eighteen months in prison, and the trial court imposed the maximum eighteen-month prison term and ordered it to be served consecutively to his ten-year prison sentence. We cannot find that the trial court erred in doing so.
 {¶ 14} Finally, Land argues that his trial counsel was ineffective for failing to object to the constitutionality of his sentence during sentencing and that the trial court exceeded its authority by followingFoster. However, given our finding that his sentence was constitutional and that inferior courts are bound to follow the mandates of the Supreme Court of Ohio, Land's arguments are meritless.
 {¶ 15} Accordingly, we overrule Land's first, second, and third assignments of error.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, J.J., concur. *Page 1