OPINION *Page 2 
{¶ 1} The defendant-appellant, Stephen Lester, appeals the judgment of the Auglaize County Common Pleas Court sentencing him to serve eight years in prison. On appeal, Lester contends that his resentencing underState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, was inappropriate because he committed his offense prior to the Supreme Court's decision and that the holding in Foster created an ex post facto law in violation of due process. For the reasons set forth herein, we affirm the judgment of the trial court.
 {¶ 2} On January 24, 2006, Lester waited in the parking lot of his former girlfriend's, Angela Gierhart, place of employment. When Gierhart arrived, Lester approached her parked car and tried to force her into his car. Gierhart resisted, and Lester threatened to kill her with a knife if she screamed. At some point, a co-worker drove into the parking lot, and Gierhart ran to the co-worker's car to escape. Lester picked up Gierhart's purse and fled the parking lot.
 {¶ 3} On January 25, 2006, the Auglaize County Grand Jury indicted Lester on one count of robbery, a violation of R.C. 2911.02(A)(2), a second-degree felony; one count of abduction, a violation of R.C.2905.02(A)(1), a third-degree felony; one count of theft, a violation of R.C. 2913.02(A)(1), a fifth-degree felony; one count of attempted felonious assault, a violation of R.C. 2923.02(A) and 2903.11(A)(1), a third-degree felony; and one count of aggravated menacing, *Page 3 
a violation of R.C. 2903.21(A), a first-degree misdemeanor. Lester pled not guilty to each of the charges at arraignment, and his case proceeded to jury trial on May 15 and 16, 2006. The jury acquitted Lester on the robbery charge, but found him guilty on each of the remaining charges.
 {¶ 4} At sentencing, the trial court ordered Lester to serve an aggregate prison term of eight years. The court sentenced Lester to serve two, concurrent six-month sentences for the theft and aggravated menacing charges. The court ordered Lester to serve five years for abduction consecutive to three years for attempted felonious assault. The six-month prison term was ordered to be served concurrently with the eight-year term. The trial court ordered restitution and fees and notified Lester that he was subject to three years of mandatory post-release control. However, in its judgment entry, the trial court indicated that Lester would be subject to a mandatory period of post-release control for five years. Lester appealed the trial court's judgment, and this Court affirmed the misdemeanor sentence but vacated the felony sentence based on the inconsistency concerning Lester's post-release control. State v. Lester, 3d Dist. No. 2-06-31,2007-Ohio-4239.
 {¶ 5} On remand, the trial court held a new sentencing hearing. The trial court imposed an identical sentence and indicated that Lester would be subject to *Page 4 
three years of mandatory post-release control. Lester appeals the judgment of the trial court and raises two assignments of error for our review.
 First Assignment of Error The trial court's resentencing Mr. Lester to non-minimum, maximum, and consecutive prison terms under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, violate[s] his rights guaranteed by the Sixth Amendment to the United States Constitution. Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531; United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738.
 Second Assignment of Error Because resentencing under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, retroactively subjected Stephen Lester to a "statutory maximum sentence" that greatly exceeds the maximum sentence he was subject to when the offenses were committed, Foster violates the Due Process Clauses of the Ohio and United States Constitutions.
 {¶ 6} In support of his first assignment of error, Lester contends that under Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, a sentencing court must rely solely on the facts found by a jury or admitted by the defendant. Lester contends that inFoster, the Ohio Supreme Court properly determined that Ohio's sentencing scheme in regard to non-minimum, maximum, and consecutive sentences violated the holding in Blakely. While Foster applied a severance remedy, Lester contends that the court also severed presumptions that defendants were entitled to minimum, concurrent sentences, thereby increasing the statutory maximum sentence. These arguments are essentially the same as the *Page 5 
argument raised in the second assignment of error; that the holding inFoster creates an ex post facto law (by retroactively increasing the potential sentence) in violation of due process.
 {¶ 7} The Ohio Supreme Court has held that portions of Ohio's felony sentencing scheme were unconstitutional and void, including R.C.2929.14(B), which required judicial fact-finding before the trial court could order a prison term exceeding the lowest sentence allowed under the relevant sentencing range for the appropriate degree felony offense, R.C. 2929.14(C), which required judicial fact-finding before the court could impose the maximum sentence from the relevant statutory range for the appropriate degree felony offense, and R.C. 2929.14(E)(4), which required judicial fact-finding before the trial court could impose consecutive sentences. Foster, at paragraphs one through four of the syllabus. Those portions of the statute held to be unconstitutional were severed, thereby leaving trial courts with "full discretion to impose a prison sentence within the statutory range * * * ." Id., at ¶ 100.
 {¶ 8} We are required to follow the precedent established by the United States Supreme Court and the Ohio Supreme Court. Article IV, Section 3(B)(2) of the Ohio Constitution; State v. Land, 3d Dist. No. 2-07-20, 2007-Ohio-6963, at ¶ 9, citations omitted. As such, we find no error in the trial court's order imposing an aggregate prison term of eight years. *Page 6 
 {¶ 9} In State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, and in numerous cases thereafter, we have considered and rejected appellants' arguments that Foster violates due process and the ex post facto clause. However, we note that Lester committed his offenses subsequent to the United States Supreme Court's holdings inBlakely and United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, which provided notice that Ohio's sentencing laws could be unconstitutional. Lester also committed his offenses after this Court decided State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552. AlthoughTrubee was ultimately reversed by Foster, it was in conflict with the decisions of other appellate districts across the state; thereby putting Lester on notice that a major shift in Ohio's sentencing law was likely to occur. Such notice supports our conclusion in McGhee that theFoster remedy does not violate due process or ex post facto principles. Likewise, the sentencing ranges for felony offenses have remained unchanged. Lester was therefore on notice of the potential sentences for each offense, and the trial court sentenced him within the applicable sentencing ranges of R.C. 2929.14(A).
 {¶ 10} We also note that the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. However, on October 16, 2006, the court denied the petition for writ of certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314. Likewise, the Ohio *Page 37 
Supreme Court has twice denied review of our decision in McGhee. Statev. McGhee, 112 Ohio St.3d 1491, 2007-Ohio-724, 862 N.E.2d 118, reconsideration denied in 113 Ohio St.3d 1470, 2007-Ohio-1722,864 N.E.2d 655. Therefore, the first assignment of error is overruled.
 {¶ 11} In the second assignment of error, Lester makes two arguments. First, he contends that the Foster remedy creates an ex post facto law in violation of due process. Second, he claims that the United States Supreme Court's holding in Cunningham v. California (2007), 549 U.S.,127 S.Ct. 856, 166 L.Ed.2d 856, essentially overrules Foster. Lester's first argument has been resolved above. We have also considered his second argument in previous cases and have found it to be unpersuasive. In Land, at ¶ 11, we noted that Cunningham found California's three-tiered determinate sentencing law to be unconstitutional because it required judicial fact-finding before the court could impose a higher-tier prison term. However, the Cunningham remedy was "the precise remedy adopted by Foster." Id. See also State v. Orwick, 3d Dist. No. 5-06-59, 2007-Ohio-4488; State v. Kindle, 3d Dist. No. 5-07-11,2007-Ohio-6422. Therefore, Lester's second assignment of error is overruled. *Page 8 
 {¶ 12} The judgment of the Auglaize County Common Pleas Court is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, J.J., concur. *Page 1