[Cite as *State v. Lester*, 2010-Ohio-6066.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  2-10-23

    v.

STEPHEN M. LESTER,                  O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2006-CR-6**

**Judgment Affirmed**

**Date of Decision:   December 13, 2010**

APPEARANCES:

    *Stephen M. Lester,* **Appellant**

    *Amy Otley-Beckett* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant, Stephen Lester, appeals the judgment of the Auglaize County Common Pleas Court, denying his motion for a new sentencing hearing. On appeal, Lester contends that the trial court failed to inform him at his initial sentencing hearing and at his subsequent re-sentencing hearing of the jury verdicts against him. For the reasons set forth herein, we affirm the judgment of the trial court.

{¶2} On January 26, 2006, the Auglaize County Grand Jury indicted Lester on the following: Count One of robbery, in violation of R.C. 2911.02(A)(2), a second degree felony; Count Two of abduction, in violation of R.C. 2905.02(A)(1), a third degree felony; Count Three of theft, in violation of R.C. 2913.02(A)(1), a fifth degree felony; Count Four of attempted felonious assault, in violation of R.C. 2903.11(A)(1), 2923.02(A), a third degree felony; and Count Five of aggravated menacing, in violation of R.C. 2903.21(A), a first degree misdemeanor.

{¶3} A jury trial was held on May 15 and 16, 2006. On the second day of trial, the jury found Lester not guilty of the robbery charge but found him guilty of the remaining charges. The trial court polled each jury member after the five verdicts, and each member indicated that he/she agreed with the verdicts as announced in open court. The record reflects that Lester was present throughout

the trial, during the verbal reading of the verdicts, and when the jury members were individually polled.

{¶4} On July 6, 2006, the trial court sentenced Lester to five years imprisonment on Count Two, six months imprisonment on Count Three, three years imprisonment on Count Four, and six months imprisonment on Count Five. The trial court ordered that Counts Two and Four be served consecutively to each other, and that Counts Three and Five be served concurrently to each other and concurrently to Count Two for an aggregate prison sentence of eight years. The trial court also ordered Lester to pay restitution in the amount of $1,328.98, court costs, costs of prosecution, and any fees permitted under R.C. 2929.18(A)(4).

{¶5} Lester appealed to this Court, alleging four assignments of error, including an error in the court's post-release control notification. We affirmed in part and reversed in part, based upon an inconsistency between the court's oral notification at the sentencing hearing and its written notification in its sentencing entry regarding post-release control. *State v. Lester*, 3rd Dist. No. 2-06-31, 2007-Ohio-4239. Due to this inconsistency, we found that Lester's sentences for his felony convictions were void and remanded the case to the trial court for re-sentencing.

{¶6} While this appeal was pending, Lester filed a petition for post-conviction relief based upon allegations of ineffective assistance of counsel. The

trial court denied this petition as untimely filed, and this Court subsequently affirmed that decision. *State v. Lester*, 3rd Dist. No. 2-07-23, 2007-Ohio-5627, appeal not accepted for review *State v. Lester*, 117 Ohio St.3d 1439, 2008-Ohio-1279.

**{¶7}** On August 30, 2007, the trial court conducted a new sentencing hearing and once again sentenced Lester to an aggregate prison term of eight years. This re-sentencing was journalized on September 10, 2007. Lester also appealed that decision to this Court, asserting as error that his resentencing under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, was inappropriate because he committed his offenses prior to the Ohio Supreme Court's decision and that the holding in *Foster* created an ex post facto law in violation of due process, but we affirmed. *State v. Lester*, 3rd Dist. No. 2-07-34, 2008-Ohio-1148, appeal not accepted for review *State v. Lester*, 119 Ohio St.3d 1413, 2008-Ohio-3880.

**{¶8}** On April 1, 2008, Lester filed a second petition for post-conviction relief, which the trial court denied. Lester appealed this decision, and we affirmed. *State v. Lester* (May 11, 2009), 3rd Dist. No. 2-08-24, unreported, appeal not accepted for review *State v. Lester*, 122 Ohio St.3d 1524, 2009-Ohio-4776. Thereafter, on April 5, 2010, the trial court filed a nunc pro tunc entry to its re-sentencing entry of September 2007, to correct an omission in the entry regarding

Lester's means of conviction. Lester filed a notice of appeal of the nunc pro tunc entry, which this Court dismissed because a nunc pro tunc is not an appealable judgment as it applies retrospectively to the judgment it is meant to correct. *State v. Lester* (May 12, 2010), 3rd Dist. No. 2-10-20, unreported. Lester filed a motion with this Court to certify a conflict between our May 12, 2010 judgment and another judgment rendered by the Sixth Appellate District. We agreed with Lester that a conflict existed and certified the case to the Ohio Supreme Court.

{¶9} In addition to appealing the trial court's nunc pro tunc entry, Lester filed a motion in the trial court on April 19, 2009, for a new sentencing hearing and a final appealable order. In his memorandum in support of this motion, Lester claimed that his 2007 re-sentence was void because the trial court failed to comply with R.C. 2929.19(A)(1)[1] by not informing him of the verdict of the jury. The trial court overruled Lester's motion on April 28, 2010.

{¶10} Lester appeals the decision of the trial court, raising one assignment of error.

> **The trial court made an error of law when it denied the Appellant's "Motion for a New Sentencing Hearing and a Final Appealable Order," based upon its lack of jurisdiction to grant such relief requested. This denial prejudiced and effected Mr. Lester's substantial rights to a vaild [*sic*] sentence that complies with the mandates of the General Assembly pursuant to Ohio**

---

[1] Lester properly cites to the statute in effect at the time of his re-sentencing, which is the division upon which this Court has determined the merits of Lester's current appeal. We note that 2007 S 10, effective January 1, 2008, re-designated division (A)(1) as division (A) and deleted division (A)(2). However, this re-designation did not alter the substantive language at issue herein.

**Revised Code § 2929.19(A)(1) stating the means of conviction at the sentencing hearing.  (4/28/2010 Entry)**

**{¶11}** In his sole assignment of error, Lester contends that R.C. 2929.19(A)(1) requires a trial court to inform the offender of the verdict of the jury or finding of the court, that the trial court failed to inform him of the verdict of the jury, and, consequently, the failure to inform him rendered his sentence void.  Thus, he maintains that the trial court not only had the jurisdictional authority to re-sentence him but that it had an obligation to re-sentence him because its error was apparent.

**{¶12}** Revised Code section 2929.19(A)(1) states:

> **The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony[.] * * *  The court *shall* inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.**

(Emphasis added.)  Given the use of the term "shall," Lester is correct that the trial court was required to inform him of the verdict of the jury and to ask him whether he had anything to say as to why sentence should not be imposed.

**{¶13}** A review of the transcript of the August 30, 2007 sentencing hearing reveals that the trial court asked Lester if he had anything to say as to why sentence should not be imposed upon him.  Lester indicated to the court at that time that he had no reason as to why sentence should not be imposed.  The court

then permitted the prosecutor, counsel for Lester, and Lester, himself, to speak as to sentencing. During this time, the issue of *State v. Foster*, supra, was significantly discussed, as were other issues that Lester had raised in his first direct appeal to this Court but that were not ruled upon by this Court because we found them to be moot in light of our reversal of the case based on problems with the post-release control notification. The trial court also discussed with the parties what each count was and what sentences it had previously imposed on those offenses at the first sentencing hearing.

{¶14} After hearing the sentence recommendations of the State and counsel for Lester, the court had an extensive discussion with Lester about the facts of this case, his new insight into what he did the day he committed the four offenses since entering prison, and his admission to the offenses. At the conclusion of this discussion, the court informed Lester that it had considered imposing a more serious sentence than the one previously imposed given the fact that under *Foster* it was no longer required to make certain findings before imposing maximum, consecutive, or more than minimum sentences. The trial court then told Lester that it did not intend to do so because of Lester's candor during their discussion of the case. The trial court imposed the same sentences on Lester as it did in his first sentencing, advised him of post-release control and his right to appeal, and remanded him back into the custody of the sheriff for transport to prison.

{¶15} During this hearing, the trial court did not specifically inform Lester of the verdict of the jury. We agree with Lester that the trial court erred in failing to inform him of this. However, the question remains as to the effect of this error.

{¶16} Lester asserts that this error rendered his sentence void, thus requiring a new sentencing hearing and judgment entry. However, Lester has provided no authority for this position. Rather, he likens it to those cases involving a failure to notify an offender about post-release control, wherein the Ohio Supreme Court has determined that these sentences were void and remanded the cases for re-sentencing. See e.g., *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

{¶17} Generally, sentencing errors are not jurisdictional and do not necessarily render a judgment void. See *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 1997-Ohio-258; *Johnson v. Sacks* (1962), 173 Ohio St. 452, 454, 184 N.E.2d 96. However, there are exceptions, such as "a court's failure to impose a sentence as required by law[.]" *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 13, abrogated by statute (R.C. 2929.191). In *Simpkins*, the Supreme Court stated that "[t]he underpinning of our decisions from *Beasley* to *Bezak* is the fundamental understanding that no court has the authority to substitute a different sentence for that which is required by law." *Id*. at ¶ 20. The Court further held:

> **Therefore, in circumstances in which the judge disregards what the law clearly commands, such as when a judge fails to impose a nondiscretionary sanction required by a sentencing statute, the judge acts without authority.** ***Beasley*, 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774. Such actions are not mere errors that render a sentence voidable rather than void. If a judge imposes a sentence that is unauthorized by law, the sentence is *unlawful*. "If an act is unlawful it is not erroneous or voidable, but it is wholly unauthorized and void." (Emphasis sic.)** ***State ex rel. Kudrick v. Meredith* (1922), 24 Ohio N.P. (N.S.) 120, 124, 1922 WL 2015, \*3.**

*Id*. at ¶ 21.

{¶18} Here, Lester does not assert that his actual sentence was unauthorized by law, and we previously affirmed this sentence. See *State v. Lester*, 2008-Ohio-1148. Thus, the concerns present in that line of cases involving a failure to properly notify an offender that he may or will be subject to further control by the State upon his release from prison are not present here. In fact, the notification requirements for post-release control were designed to further the goals of truth in sentencing and informing offenders of the entire sentence for their convictions. See *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 9, citing *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661. Nevertheless, in response to the Supreme Court's decisions in this line of cases, the General Assembly provided a different remedy for a failure to notify an offender of post-release control. See R.C. 2929.191; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434.

**{¶19}** Notably, the transcript of Lester's trial, including when the jury's verdicts were read in open court and when each juror was polled, reflects that Lester was present at the trial and was well aware of the jury's verdicts. In addition, throughout this case, Lester has filed a number of appeals and several pro se motions. In reviewing these filings, both before his re-sentencing in August of 2007, and after it, Lester repeatedly states that he had a jury trial and repeatedly provides the names of the offenses for which he was convicted and their respective Revised Code sections. Further, Lester never raised this issue in any of his appeals. Lastly, at the sentencing hearing, the trial court asked Lester if there was any reason why sentencing should not proceed, permitted both counsel for Lester and Lester, himself, to address the court about what sentences to impose, and discussed what each count was and what level of offense each count was.

**{¶20}** Given these facts, we find that the trial court's error in failing to inform Lester of the jury's verdicts at the re-sentencing hearing did not render his sentence void. We further find that the trial court's error was harmless. Accordingly, Lester's assignment of error is overruled.

**{¶21}** Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and PRESTON, J.J., concurs.**
**/jlr**