OPINION
{¶ 1} Defendant, Glynn E. Sewell, II, appeals from an order of the court of common pleas denying his petition for post-conviction relief.
 {¶ 2} Defendant entered negotiated pleas of guilty to two first-degree felonies and was convicted on his pleas. On August 10, 2005, the trial court imposed two concurrent four year sentences, which the Defendant and the State had each recommended. Defendant took no appeal from his conviction and sentence.
 {¶ 3} On November 21, 2005, Defendant filed a motion to modify his sentence. He contended that the two greater than minimum sentences the trial court imposed on findings it made pursuant to R.C. 2929.14(B) deprived him of his Sixth Amendment right to trial pursuant to the rule announced in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
 {¶ 4} Properly finding that it lacked jurisdiction to adjudicate Defendant's motion except as an R.C. 2953.21 petition for post-conviction relief, the trial court treated the motion as that form of application. The court then denied the petition without a hearing, finding that the grounds for the relief sought are barred by res judicata. Defendant filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "TRIAL COUNSEL COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF SENTENCE."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT COMMITTED ABUSE OF DISCRETION IN IMPOSING A NON-MINIMUM PRISON SENTENCE, PURSUANT TO R.C. 2929.14(B)."
THIRD ASSIGNMENT OF ERROR
 {¶ 7} "THE CONSTITUTIONALITY OF OHIO'S SENTENCING LAWS VIOLATE DEFENDANT-APPELLANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION."
 {¶ 8} R.C. 2953.21 provides that any person who has been convicted of a criminal offense and "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 9} Under the doctrine of res judicata, a convicted felon who was represented by counsel in a proceeding resulting in a judgment of conviction is barred from raising any claim presenting a defense or lack of due process as grounds for relief in an R.C. 2953.21 petition if the claim was raised or could have been raised by the petitioner in the trial court proceeding or in an appeal from the judgment of conviction.State v. Perry (1967), 10 Ohio St.2d 175; State v. Szefcyk (1996),77 Ohio St.3d 93.
 {¶ 10} Defendant Sewell could have raised the Blakely argument he presented in his petition in the trial court as an objection to the sentence that court imposed, or as an assignment of error on direct appeal from the judgment of conviction. He did neither, and nor did he raise his ineffective assistance of counsel claim by way of a direct appeal. Therefore, the trial court did not err when it found that Defendant's claims are barred as grounds for the post-conviction relief he sought pursuant to R.C. 2953.21. Perry; Szefcyk.
 {¶ 11} Sewell further argues in support of his third assignment of error that the severance remedy in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violates the constitutional prohibition against ex post facto laws. That was not a contention Sewell raised in his petition, and he could not have raised it because Foster had not been decided when Sewell filed his petition on November 21, 2005. Furthermore, because Sewell filed no direct appeal that was pending when Foster was decided, he is not entitled to resentencing per Foster, which is the assumed basis for the alleged ex post facto violation he argues.
 {¶ 12} The assignments of error are overruled. The judgment of the trial court will be affirmed.
WOLFF, J. And FAIN, J., concur.