OPINION *Page 2 
{¶ 1} Defendant-appellant, Stephen Lester, appeals the sentence imposed by the Auglaize County Court of Common Pleas. For the following reasons, we affirm the sentence on the misdemeanor offense but vacate the sentence as to the felony offenses and remand to the trial court for further proceedings consistent with this opinion.
 {¶ 2} On January 24, 2006, Lester waited in a parking lot for his former girlfriend, Angela Gierhart, at her place of employment. After Angela arrived, Lester approached her parked car and tried to force Angela into his car. Angela resisted Lester's attempts. According to Angela's testimony, Lester threatened to kill Gierhart with a knife if she screamed. At some point, Anita Byrne, one of Gierhart's co-workers, drove into the parking lot and Angela ran to Byrne's vehicle. Lester then picked up Angela's purse and left the parking lot.
 {¶ 3} The Auglaize County Grand Jury indicted Lester on the following: count one of robbery, in violation of R.C. 2911.02(A)(2), and a second degree felony; count two of abduction, in violation of R.C.2905.02(A)(1), and a third degree felony; count three of theft, in violation of R.C. 2913.02(A)(1), and a fifth degree felony; count four of attempted felonious assault, in violation of R.C.2923.02(A)/2903.11(A)(1), and a third degree felony; and count five of aggravated menacing, in violation of R.C. 2903.21(A), and a first degree misdemeanor. *Page 3 
 {¶ 4} A jury trial was held on May 15 and 16. The jury found Lester not guilty of the robbery charge but found him guilty of the remaining charges.
 {¶ 5} The trial court subsequently sentenced Lester to five years imprisonment on count two, six months imprisonment on count three, three years imprisonment on count four, and six months imprisonment on count five. The trial court ordered that counts two and four be served consecutive to each other. The trial court also ordered that counts three and five be served concurrent to each other and concurrent to count two for an aggregate prison sentence of eight years. The trial court also ordered Lester to pay restitution in the amount of $1,328.98, court costs, costs of prosecution, and any fees permitted under R.C.2929.18(A)(4). In the sentencing entry, the trial court further stated,
 [t]he Court has further notified the Defendant that Post Release Control in this case is MANDATORY for FIVE (5) YEARS, as well as the consequences for violating conditions of Post Release Control imposed by the Parole Board under Ohio Revised Code § 2967.28. The Defendant is ORDERED to serve as part of this sentence any term of Post Release Control imposed by the Parole Board, and any prison term for violation of that Post Release Control.
 {¶ 6} It is from this sentence that Lester appeals and asserts four assignments of error for our review. We will address Lester's second assignment of error first. *Page 4 
 ASSIGNMENT OF ERROR NO. II The trial court violated Mr. Lester's rights to due process under the Ohio and United States Constitutions, as well as his rights under R.C. 2967.28, when it ordered him to serve an illegal, mandatory term of post-release control of five years for a third-degree felony. (7/10/06 Entry, 2.)
 {¶ 7} Lester argues, in his second assignment of error, that the trial court's sentencing entry erroneously stated that Lester was subject to a mandatory five year term of post release control instead of the three year term of post release control required for a third degree felony under R.C. 2967.28(B)(3).
 {¶ 8} R.C. 2967.28(B) provides in part, "* * * a period of post release control required by this division for an offender shall be one of the following periods: * * * (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years." (emphasis added.)
 {¶ 9} Lester was convicted of abduction, a third degree felony; theft, a fifth degree felony; attempted felonious assault, a third degree felony; and aggravated menacing, a first degree misdemeanor. Since Lester was convicted of two felonies of the third degree that were not felony sex offenses and Lester caused or threatened physical harm to a person, Lester was subject to a mandatory three year term of post release control. See R.C. 2967.28(B)(3). In addition, *Page 5 
Lester was convicted of a fifth degree felony, which was subject to post release control of "up to three years". See R.C. 2967.28(C).
 {¶ 10} The trial court notified Lester regarding post release control at both the sentencing hearing and in the sentencing entry, but the notifications were inconsistent. At the sentencing hearing, the trial court notified Lester that he was subject to a mandatory term ofthree years post release control; however, in the sentencing entry, the trial court notified Lester that he was subject to a mandatory term offive years of post release control.
 {¶ 11} The Ohio Supreme Court has recently held,
 w]hen a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence. When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense.
State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶ 16 (trial court failed to notify the offender of post release control at the sentencing hearing).
 {¶ 12} Similarly, we hold that since the sentencing entry notified Lester that he was subject to a mandatory term of five years of post release control, when the statute provides for a mandatory three year term of post release control for the *Page 6 
third degree felonies and up to three years of post release control for a fifth degree felony, Lester's sentence as to the felony offenses is void. Thus, we vacate the sentence as to the felony offenses and remand to the trial court for resentencing. However, we affirm the sentence imposed by the trial court as to the misdemeanor offense in that post release control is not applicable.
 ASSIGNMENT OF ERROR NO. I When the trial court ordered Mr. Lester, who was subject to a mandatory term of post-release control, to serve as part of his sentence "any term" of post-release control imposed by the Parole Board, it violated the separation of powers doctrine and deprived Mr. Lester of his rights to due process under the Ohio And United States Constitutions and his statutory rights under R.C. 2967.28. (7/10/06 Entry, 2.)
 ASSIGNMENT OF ERROR NO. III The trial court violated Mr. Lester's rights to due process and equal protection under the Ohio and United States Constitutions and abused its discretion by sentencing him to pay restitution under R.C. 2929.18(A)(1) and fines and costs under R.C. 2929.18(A)(4) without considering Mr. Lester's present or future ability to pay those sanctions, as required by R.C. 2929.19(B). (Sent. Tr. Pp. 3, 5-6, 25.)
 ASSIGNMENT OF ERROR NO. IV When the trial court sentenced Mr. Lester to non-minimum, maximum, and consecutive prison terms based on facts not found by the jury or admitted by Mr. Lester, it violated his rights guaranteed by the Sixth Amendment to the United States Constitution and by Article One, Sections Five and Ten of the Ohio Constitution. (Sent. Tr. p. 25; 7/10/06 Entry.) *Page 7 
 {¶ 13} Based on our disposition of Lester's second assignment of error, we find that Lester's first, third, and fourth assignments of error are now moot.
 {¶ 14} The sentence imposed by the Auglaize County Court of Common Pleas is affirmed as to the misdemeanor offense; however, the sentence is vacated as to the felony offenses and the cause is remanded for further proceedings consistent with this opinion.
Judgment Affirmed in part; Sentence Vacated in part and cause Remanded.
 ROGERS, P.J., and SHAW, J., concur. *Page 1