OPINION *Page 2 
{¶ 1} Defendant-Appellant, Brett W. Wyerick, appeals the judgment of the Mercer County Court of Common Pleas denying his petition for post-conviction relief On appeal, Wyerick asserts that the trial court erred in denying his petition because he was denied effective assistance of counsel. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In June 2006, the Mercer County Sheriffs Department filed a complaint against Wyerick in the Mercer County Court of Common Pleas, Juvenile Division, alleging that Wyerick was a delinquent child based on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree if committed by an adult; one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree if committed by an adult; one count of kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree if committed by an adult; one count of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree if committed by an adult; one count of kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree if committed by an adult; one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree if committed by an adult; one count of attempted rape in violation of R.C. 2907.02(A)(2) and 2923.02, a felony of the second degree if committed by an adult; one count of attempted sexual battery in violation of *Page 3 
R.C. 2907.03(A)(1) and 2923.02, a felony of the fourth degree if committed by an adult; and, one count of attempted gross sexual imposition in violation of R.C. 2907.05(A) and 2923.02, a felony of the fifth degree if committed by an adult. The complaint arose from an incident whereby Wyerick, then seventeen years old, entered a family's residence by removing a basement window, entered the bedroom of a thirteen year-old child while wearing a mask and carrying a knife, covered the child's mouth when she attempted to scream, and admitted that he had intended to engage in sexual conduct with the child.
 {¶ 3} Contemporaneously, the State moved to transfer jurisdiction from the Juvenile Division to the Mercer County Court of Common Pleas pursuant to R.C. 2152.10 and 2152.12 and Juv. R. 30, because Wyerick was sixteen years of age or older at the time of the offenses, was alleged to have committed a category two[1] offense, and had been previously adjudicated a delinquent child for committing a category one or category two offense. Subsequently, Wyerick appeared before the Juvenile Division and entered a denial of all allegations in the complaint.
 {¶ 4} In July 2006, the Juvenile Division transferred jurisdiction to the Mercer County Court of Common Pleas, finding that Wyerick was eligible for both mandatory and discretionary transfer because the complaint alleged that he *Page 4 
had committed a category two offense; because he was sixteen years of age or older at the time of the offenses; because he had previously been adjudicated a delinquent child for committing a category two offense; and, because he was not amenable to care or rehabilitation within the juvenile system. Evidence was presented at the bindover hearing that, although a recipient of sex offender treatment, Wyerick remained at a high risk for sexual offending; that he had two previous sex offenses with two different victims; that he had used threats, violence, and weapons in his prior sex offenses; and, that he was socially isolated, impulsive, antisocial, and had a personality disorder with psychopathic, narcissistic, and avoidant traits. Wyerick's trial counsel presented no evidence disputing the bindover.
 {¶ 5} In August 2006, the State filed a bill of information against Wyerick in the Mercer County Court of Common Pleas alleging one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and, one count of attempted sexual battery in violation of R.C. 2907.03(A)(1) and 2923.02, a felony of the fourth degree. Thereafter, Wyerick waived prosecution by indictment, consented to prosecution by bill of information, and the following dialogue took place:
 THE COURT: Count one alleges that on or about June 1, 2006, you did by force, stealth, or deception trespass in the [victims' *Page 5 residence]* * * and you did so with the purpose to commit therein a criminal offense with a deadly weapon, specifically a knife, that was on your person or under your control. That makes the charge aggravated burglary, a felony of the first degree. Do you generally understand the nature of that charge?
 [WYERICK]: Yes, sir.
 THE COURT: And count three alleges that on or about June 1, 2006, you did attempt to engage in sexual conduct with Jane Doe number one, who was not your spouse, and you did knowingly coerce her to submit by any means that would prevent resistance by a person of ordinary resolution. That makes the charge attempted sexual battery, a felony of the fourth degree. Do you understand that charge?
 [WYERICK]: Yes, sir.
 * * *
 THE COURT: * * * [The State], do you want to outline the underlying facts here?
 [THE STATE]: * * * [O]n June 1, 2006 * * * Wyerick, who was age 17 at the time, was an intruder in the house; that he had broken into the house and gained access by removing a basement window and entering through it; that he traveled through the house leaving his shoes on the first floor of the house presumably to make his attendance in the house quieter.
 He traveled to the * * * bedroom of a 13-year-old minor *
 * *[.] While there, he had left shorts or boxer-type shorts on the floor. He was there brandishing [sic] and with him a knife and a flashlight and he was also wearing a ski-mask type mask.
 The minor female was awoken and called for help. [The minor female's father] found [Wyerick] in his daughter's bedroom with his hand over her face or mouth and was physically restraining the 13-year-old child and trying to prevent her from calling for further assistance.
 * * *
 While [Wyerick] was there, it was his intention, your Honor, to engage in sexual conduct and sexual activity with the minor female, but he was prevented from doing so because of the timing of the awareness of his presence in the home and in the bedroom.
 THE COURT: Has [the State] accurately summarized what brought you before the court on these charges, [Wyerick]? *Page 6 
 [WYERICK]: Yes, sir.
 * *
 THE COURT: Are you pleading guilty because you did in fact commit these offenses?
 [WYERICK]: Yes, sir.
(August 2006 Hearing, pp. 5-6, 16-19). Thereafter, Wyerick entered a plea of guilty to all counts contained in the bill of information pursuant to plea negotiations.
 {¶ 6} In October 2006, the trial court classified Wyerick as a sexual predator. Additionally, the trial court sentenced Wyerick to an eight-year prison term on the burglary conviction, a four-year prison term on the abduction conviction, and a sixteen-month prison term on the attempted sexual battery conviction, all to be served consecutively for an aggregate of thirteen years and four months. Wyerick did not timely appeal his conviction and sentence.[2]
 {¶ 7} In May 2007, Wyerick filed a petition for post-conviction relief with the trial court alleging as grounds for relief that he was denied effective assistance of counsel in the bindover proceedings, the plea, and sentencing; that the mandatory bindover process violated his right as a juvenile to equal protection; that he was denied due process of law; and, that the mandatory transfer violated the Eighth Amendment to the United States Constitution. As a result, Wyerick *Page 7 
claimed that he should be resentenced under R.C. 2941.25(A). In support of his petition, Wyerick attached an affidavit in which he stated, in part, that his counsel told him that the bindover proceedings were mandatory and did not inform him that the bindover could be challenged on constitutional grounds; that no one informed him that he was entitled to a probable cause hearing in the bindover process or that he was waiving the hearing; that trial counsel did not challenge any of the evidence involving the attempted sexual conduct and the record contains no evidence of any attempted sexual conduct; that the knife in question does not fit the definition of a deadly weapon; and, that trial counsel did not inform him that the knife in question could not, by definition, be viewed as a deadly weapon.
 {¶ 8} In October 2007, the trial court overruled Wyerick's petition for post-conviction relief without granting a hearing.
 {¶ 9} It is from the trial court's October 2007 denial of his petition for post-conviction relief that Wyerick appeals, presenting the following assignment of error for our review.
 THE COURT ERRED IN DENYING THE PETITION FOR POST-CONVICTION RELIEF AS THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THE BINDOVER PROCEEDINGS, THE PLEA, AND THE SENTENCING, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. *Page 8 
 {¶ 10} Before addressing Wyerick's assignment of error, we will first address the nature of petitions for post-conviction relief
 Post-conviction Relief {¶ 11} R.C. 2953.21, Ohio's post-conviction relief statute, provides "`a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.'" State v. Scott-Hoover, 3d Dist. No. 3-04-11,2004-Ohio-4804, ¶ 10, quoting State v. Yarbrough, 3d Dist. No. 17-2000-10, 2001-Ohio-2351. Thus, a petitioner must establish that there has been a denial or infringement of his constitutional rights in order to prevail on a petition for post-conviction relief.Scott-Hoover, 2004-Ohio-4804, at ¶ 10; R.C. 2953.21(A)(1). Additionally, to be timely, a petition for post-conviction relief must "[b]e filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.] * * * If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Further, the Supreme Court of Ohio has held that the doctrine of res judicata bars a defendant from raising any defenses or constitutional claims in a petition for post-conviction relief under R.C. 2953.21 that were raised or could have been raised at trial or on direct appeal. State v. Jones, 3d Dist. No. 4-07-02, 2007-Ohio-5624, ¶ 19, citing State v. Perry *Page 9 
(1967), 10 Ohio St.2d 175, 180. Consequently, the general rule is that all claims are barred by res judicata with the exception of those that were unavailable at trial or on appeal because they are outside the record. Jones, 2007-Ohio-5624, at ¶ 19, citing State v. Medsker, 3d Dist. No. 1-04-24, 2004-Ohio-4291.
 {¶ 12} The Supreme Court of Ohio has recognized an exception to the general rule, holding that res judicata will not bar claims of ineffective assistance of counsel where the issue was not heard on direct appeal. Jones, 2007-Ohio-5624, at ¶ 20, citing State v.Hester (1976), 45 Ohio St.2d 71, 75-76. However, this exception is limited to circumstances where the defendant's counsel was the same individual at both the trial and on appeal. See State v. Cole (1982),2 Ohio St.3d 112, 114 and fn.1. Cole clarified that "where a defendant was represented by new counsel on direct appeal `who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel,' claims of ineffective assistance of counsel must be brought on direct review."Jones, 2007-Ohio-5624, at ¶ 21 (emphasis added), quoting Cole,2 Ohio St.3d at 114. Further, even where no direct appeal is taken, res judicata will bar the adjudication in post-conviction proceedings of issues that could have been determined on direct appeal had it been taken. State v. Sewell, 2d Dist. No. 21444, 2007-Ohio-30, ¶¶ 9-10; see, also, State v. Burnett (1997), 1st Dist. No. C-960922, 1997 WL 605083, citing Cole, *Page 10 2 Ohio St.3d 112, at syllabus, and Hester, 45 Ohio St.2d 71, at paragraph two of the syllabus.
 Standard of Review {¶ 13} An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse of discretion standard.Jones, 2007-Ohio-5624, at ¶ 16, citing State v. Campbell, 10th Dist. No. 03-AP-147, 2003-Ohio-6305; State v. Calhoun (1999), 86 Ohio St.3d 279,284. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. State v. Nagle (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 14} Additionally, an ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of the *Page 11 
syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. State v. Waddy (1992),63 Ohio St.3d 424, 433, superseded by constitutional amendment on other grounds as recognized by State v. Smith, 80 Ohio St.3d 89, 103,1997-Ohio-355.
 {¶ 15} Furthermore, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. Strickland v. Washington (1984), 466 U.S. 668; State v.Richardson, 3d Dist. No. 13-06-21, 2007-Ohio-115, citing State v.Hoffman (1998), 129 Ohio App.3d 403, 407. Tactical or strategic decisions, even if unsuccessful, generally do not constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558. Additionally, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance.State v. Fritz, 3d Dist. No. 13-06-39, 2007-Ohio-3138, ¶ 35, citingState v. Malone (1989), 2d Dist. No. 10564, 1989 WL 150798.
 Assignment of Error {¶ 16} In his sole assignment of error, Wyerick contends that he was denied effective assistance of counsel. Specifically, Wyerick asserts that trial counsel was ineffective because he did not request a probable cause hearing in the bindover proceedings; because he did not file any motions challenging the *Page 12 
constitutionality of the bindover statute; and, because he failed to argue that attempted sexual battery and abduction are allied offenses of similar import. Additionally, Wyerick asserts that he was denied meaningful representation and should be re-sentenced in accordance with R.C. 2941.25(A).
 {¶ 17} Initially, we note that it is undisputed that Wyerick's petition for post-conviction relief was timely. However, Wyerick did not appeal his conviction and sentence and supports none of his arguments with evidence outside of the record. Accordingly, pursuant toJones, res judicata bars his arguments that trial counsel was ineffective for failing to request a probable cause hearing in the bindover proceedings; for failing to challenge the constitutionality of juvenile bindover; and, for failing to argue that attempted sexual battery and abduction were allied offenses of similar import because these arguments could have been raised at trial or on direct appeal. Finally, res judicata also bars his argument that he was denied meaningful representation.
 {¶ 18} Accordingly, we overrule Wyerick's assignment of error.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur.
[1] Aggravated burglary and kidnapping are category two offenses.State v. Kelly (1998), 3d Dist. No. 14-98-26, 1998 WL 812238.
[2] We note that, in October 2007, Wyerick filed a motion for delayed appeal, which this Court denied in December 2007. See State v.Wyerick (Dec.27, 2007, 3d Dist. No. 10-07-25, unreported. Additionally, the Supreme Court of Ohio denied review of that decision. State v.Wyerick, 2008-Ohio-2028. *Page 1