[Cite as *State v. Payton*, 2011-Ohio-4386.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| DENNIS C. PAYTON | : | Case No. 2010CA00276 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2003CR0655


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      August 29, 2011


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

By: RONALD MARK CALDWELL
110 Central Plaza South
Suite 510
Canton, OH 44702

For Defendant-Appellant

DENNIS C. PAYTON, PRO SE
Inmate No. 460-700
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH 44901

*Farmer, J.*

{¶1}    On April 20, 2004, appellant, Dennis Payton, was found guilty of one count of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01, two counts of gross sexual imposition in violation of R.C. 2907.05, and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04.  By judgment entry filed December 24, 2003, the trial court sentenced appellant to an aggregate term of fourteen years and five months in prison and classified him as a sexual predator.  His convictions and sentence were affirmed on appeal.  *State v. Payton,* Stark App. No. 2004CA00019, 2005-Ohio-737.

{¶2}    On May 19, 2010, appellant filed a motion for de novo sentencing as his original sentence did not include a term of postrelease control.  A video conferencing hearing was held on September 3, 2010.  By judgment entry filed September 16, 2010, the trial court resentenced appellant to the fourteen years, five months sentence and imposed five years of postrelease control.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ERRED IN NOT CONDUCTING A DE NOVO SENTENCING HEARING TO IMPOSE A VALID SENTENCE ON APPELLANT INSTEAD OF THE LIMITED VIDEO HEARING JUST TO IMPOSE POST RELEASE CONTROL VIOLATING APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS."

II

{¶5}   "THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHTS GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AGAINST DOUBLE JEOPARDY WHEN IT FAILED TO FOLLOW STATUTORILY MANDATED PROVISIONS OF RC 2941.25(A) REGARDING ALLIED OFFENSES."

III

{¶6}   "PLAIN ERROR AND VOID CONVICTION RESULTED WHERE APPELLANT WAS DEPRIVED OF HIS RIGHT TO GRAND JURY INDICTMENT, TO DUE PROCESS AND A FAIR TRIAL PURSUANT TO ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE INDICTMENTS UPON WHICH APPELLANT WAS TRIED, CONVICTED AND SENTENCED OMITTED ESSENTIAL ELEMENTS OF OFFENSES SOUGHT TO BE CHARGED."

IV

{¶7}   "THE JURY'S VERDICTS WERE INCONSISTENT WITH THE EVIDENCE PRESENTED IN COURT AND AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

V

{¶8}   "THE TRIAL COURT ERRED BY CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WHERE CLEAR AND CONVINCING EVIDENCE DID NOT SUPPORT THAT CONCLUSION."

I

{¶9}   Appellant claims the trial court erred in imposing postrelease control via a video conferencing hearing.  We disagree.

{¶10}  In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, the Supreme Court of Ohio held the following at paragraph one of the syllabus:

{¶11}  "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

{¶12}  This de novo hearing has been limited by the Supreme Court of Ohio in *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, which will be discussed infra.

{¶13}  In the case sub judice, appellant was sentenced prior to July 11, 2006 and was not properly informed of postrelease control; therefore, pursuant to *Singleton,* he was entitled to a de novo hearing.  Video conferencing is an acceptable method of holding the hearing:

{¶14}  "The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible.  An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing."  R.C. 2929.191(C) in part (correction to judgment of conviction; post-release supervision).

{¶15}  Assignment of Error I is denied.

II, III, IV, V

{¶16} Under these assignments, appellant complains of double jeopardy/allied offenses issues, incomplete indictment, and manifest weight and sufficiency of the evidence regarding the jury's verdicts. Appellant also claims the trial court erred in classifying him as a sexual predator.

{¶17} In *Fischer,* supra, at syllabus, the Supreme Court of Ohio limited the nature of the de novo hearing as follows:

{¶18} "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶19} "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

{¶20} "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶21} "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶22} As stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing "is limited to proper imposition of postrelease control." Upon review, we find the trial court sub judice properly notified appellant of the mandatory five year

postrelease control requirement under R.C. 2967.28(B).  T. at 6-8; Judgment Entry filed September 16, 2010

{¶23} Pursuant to *Fischer,* the issues of double jeopardy/allied offenses, incomplete indictment, manifest weight and sufficiency of the evidence, and sexual predator classification were not reviewable during this hearing.  See, *State v. Griffis,* Muskingum App. No. CT2010-57, 2011-Ohio-2955.  In addition, all of these alleged errors were raised or could have been raised on appellant's direct appeal therefore, they are barred by the doctrine of res judicata.  *Payton,* supra; *Fischer,* supra; *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831; *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶24}  Assignments of Error II, III, IV, and V are denied.

{¶25}  The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ William B. Hoffman_____

JUDGES

SGF/sg 823

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DENNIS C. PAYTON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00276 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.  Costs to appellant.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ William B. Hoffman_____

JUDGES