[Cite as *State v. Lester*, 2012-Ohio-135.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO. 2-11-20

      v.

STEPHEN M. LESTER,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2006-CR-06

**Judgment Affirmed**

Date of Decision: January 17, 2012

APPEARANCES:

    *Stephen M. Lester,* **Appellant**

    *Edwin Pierce and Amy Otley-Beckett* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Stephen M. Lester ("Lester"), appeals the judgment of the Court of Common Pleas of Auglaize County denying his "Motion to Correct Status of Illegal Sentence" ("Motion to Correct"). On appeal, Lester contends that the trial court erred in denying his Motion to Correct as his sentence is unauthorized by law. Lester argues that his convictions for attempted felonious assault and abduction are allied offenses, and because the trial court failed to merge the sentences, his sentence is void. Finding that the trial court did not err as the issue is an untimely motion for post-conviction relief and is barred by the doctrine of res judicata, we affirm the judgment of the trial court.

{¶2} In January 2006, the Auglaize County Grand Jury entered a five count indictment against Lester. In May 2006, the matter proceeded to a jury trial during which Lester was found guilty on: Count Two, abduction in violation of R.C. 2905.02(A)(1), a felony of the third degree; Count Three, theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; Count Four, attempted felonious assault in violation of R.C. 2923.02(A) and R.C. 2903.11(A)(1), a felony of the third degree; and, Count Five, aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree. Thereafter, Lester was sentenced in pertinent part to five years' incarceration on Count Two and three years' incarceration on Count Three, to be served concurrently.

{¶3} Lester appealed to this Court, and we affirmed in part and reversed in part, based upon an inconsistency between the court's oral notification at the sentencing hearing and its written notification in its sentencing entry regarding post-release control. *State v. Lester,* 3d Dist. No. 2-06-31, 2007-Ohio-4239. Due to this inconsistency, we found that Lester's sentences for his felony convictions were void and remanded the case to the trial court for re-sentencing.

{¶4} While this appeal was pending, Lester filed a petition for post-conviction relief based upon allegations of ineffective assistance of counsel. The trial court denied this petition as untimely filed, and this Court subsequently affirmed that decision. *State v. Lester,* 3d Dist. No. 2-07-23, 2007-Ohio-5627, *appeal not accepted*, 117 Ohio St.3d 1439, 2008-Ohio-1279, 883 N.E.2d 457.

{¶5} On August 30, 2007, the trial court conducted a new sentencing hearing and once again sentenced Lester to an aggregate prison term of eight years. This re-sentencing was journalized on September 10, 2007. Lester also appealed that decision to this Court, asserting that his resentencing was inappropriate under *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We affirmed. *State v. Lester,* 3d Dist. No. 2-07-34, 2008-Ohio-1148, *appeal not accepted*, 119 Ohio St.3d 1413, 2008-Ohio-3880, 891 N.E.2d 771.

{¶6} On April 1, 2008, Lester filed a second petition for post-conviction relief, which the trial court denied. Lester appealed this decision, and we

affirmed. *State v. Lester*, 3d Dist. No. 2-08-24 (May 11, 2009), *appeal not accepted*, 122 Ohio St.3d 1524, 2009-Ohio-4776, 913 N.E.2d 459. Thereafter, on April 5, 2010, the trial court filed a nunc pro tunc entry to its re-sentencing entry of September 2007, to correct an omission in the entry regarding Lester's means of conviction. Lester filed a notice of appeal of the nunc pro tunc entry, which this Court dismissed because a nunc pro tunc is not an appealable judgment as it applies retrospectively to the judgment it is meant to correct. *State v. Lester*, 3d Dist. No. 2-10-20 (May 12, 2010). Lester filed a motion with this Court to certify a conflict between our May 12, 2010 judgment and another judgment rendered by the Sixth Appellate District. We agreed with Lester that a conflict existed and certified the case to the Ohio Supreme Court. The Supreme Court affirmed our judgment on appeal. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.

{¶7} In addition to appealing the trial court's nunc pro tunc entry, Lester filed a motion in the trial court on April 19, 2009, for a new sentencing hearing and a final appealable order. In his memorandum in support of this motion, Lester claimed that his 2007 re-sentence was void because the trial court failed to comply with R.C. 2929.19(A)(1) by not informing him of the verdict of the jury. The trial court overruled Lester's motion on April 28, 2010. Lester appealed the decision

of the trial court, and we again affirmed the judgment of the trial court. *State v. Lester*, 3d Dist. No. 2-10-23, 2010-Ohio-6066.

{¶8} In December 2010, Lester filed a "Motion to Vacate Judgment of Conviction" arguing that the offense of attempted felonious assault was not a cognizable offense under Ohio law. The trial court denied the motion and Lester filed an appeal. While this appeal was pending, Lester filed the Motion to Correct in the instant matter, arguing that his sentence was illegal and void as the attempted felonious assault conviction and abduction conviction are allied offenses and the sentences should have merged. The trial court denied the motion. It is from this judgment Lester appeals, assigning the following as error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT DID NOT GRANT MR. LESTER'S "MOTION TO CORRECT STATUS OF ILLEGAL SENTENCE."**

{¶9} In his sole assignment of error, Lester contends that his sentence is unlawful and void as the trial court failed to merge the sentences for the attempted felonious assault conviction and the abduction conviction. Lester argues that the failure to merge allied offenses results in a void sentence according to *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, and is not subject

to the doctrine of res judicata according to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶10} We fail to reach the merits of Lester's appeal as it is an untimely motion for post-conviction relief and, alternatively, it is barred by the doctrine of res judicata.

{¶11} Revised Code 2953.21 prescribes the means for a defendant to obtain post-conviction relief and provides in pertinent part:

> **(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.**
>
> **\* \* \***
>
> **(2) * * * a petition filed under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal.** R.C. 2953.21(A)

{¶12} Here, Lester's Motion to Correct is properly construed as a petition for post-conviction relief. *State v. Holdcroft*, 3d Dist. No. 16-06-07, 2007-Ohio-

586, ¶ 11; *State v. Turrentine*, 3d Dist. No. 1-10-40, 2010-Ohio-4826, ¶ 5; *State v. Wyerick*, 3d Dist. No. 10-07-23, 2008-Ohio-2257; *State v. Gibson*, 8th Dist. No. 96117, 2011-Ohio-3074, ¶ 35. Since the underlying motion and the appeal were filed after the time for a direct appeal had passed, claim a denial of rights, and seek to void the judgment of sentence, they constitute a petition for post-conviction relief. *Holdcroft,* citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). As his direct appeal was filed with this Court in 2006, the 180-day time limit has passed and his motion for post-conviction relief is deemed untimely.

{¶13} Furthermore, motions for post-conviction relief will be barred by the doctrine of res judicata if they raise on appeal an issue that could have been raised or was raised on direct appeal. *State v. Wilson,* 3d Dist. No. 1-08-60, 2009-Ohio-1735, ¶ 15, citing *Reynolds*.

> **'"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant \* \* \* on an appeal from that judgment.'" *State v. Troglin,* 3d Dist. No. 14-09-04, 2009-Ohio-5276, ¶ 13, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, 846 N.E.2d 824, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St.**

**263, 268, 147 N.E. 33 (1925).** *State v. Schwieterman*, 3d Dist. No. 10-09-12, 2010-Ohio-102, ¶ 23.

**{¶14}** It is the practice of this Court to hold that the issue of allied offenses raised in post-conviction relief motions are barred by the doctrine of res judicata as the proper time to raise it is on the direct appeal. *State v. Harlow*, 3d Dist. No. 14-04-23, 2005-Ohio-959, ¶ 7-12; *State v. Wilhite*, 3d Dist. No. 14-06-16, 2007-Ohio-116, ¶ 16; *Turrentine*, 3d Dist. No. 1-10-40, 2010-Ohio-4826, ¶ 5. *See Wyerick*, 3d Dist. No. 10-07-23, 2008-Ohio-2257 (holding that the issue of ineffective assistance of counsel for failure to argue that sexual battery and abduction were allied offenses of similar import was barred by res judicata as it could have been raised on direct appeal). Other districts follow the same practice. *State v. Payton*, 5th Dist. No. 2010CA00276, 2011-Ohio-4386, ¶ 23; *State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, ¶ 15; *State v. Freeman*, 11th Dist. No. 2010-T-0069, 2011-Ohio-2457; *State v. Carter*, 12th Dist. Nos. CA2010-07-012, CA2010-08-016, 2011-Ohio-414, ¶ 11.

**{¶15}** Accordingly we find that Lester's appeal is an untimely motion for post-conviction relief and is barred by the doctrine of res judicata. We overrule Lester's sole assignment of error.

**{¶16}** Having found no error prejudicial to the Appellant herein, in the particular assigned and argued, we affirm the judgment of the trial court.

**Judgment Affirmed**

**PRESTON and WILLAMOWSKI, J.J., concur.**