[Cite as *State v. Bower*, 2015-Ohio-4420.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO.  17-15-07

      v.

ROBERT E. BOWER,                          O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 13CR000059

**Judgment Affirmed**

Date of Decision:   October 26, 2015

APPEARANCES:

    *Robert E. Bower,* **Appellant**

    *Brandon W. Puckett*  **for Appellee**

**ROGERS, P.J**

{¶1} Defendant-Appellant, Robert E. Bower, appeals the judgment of the Court of Common Pleas of Shelby County denying his petition for post-conviction relief. On appeal, Bower argues that the trial court erred in failing to find that he was denied effective assistance of counsel. For the reasons set forth herein, we affirm the judgment of the trial court.

{¶2} On February 28, 2013, a Shelby County Grand Jury indicted Bower on one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, along with an attendant sexual-motivation specification, and one count of kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree. The charges stemmed from an incident in which 63-year-old Bower allegedly engaged in nonconsensual oral sex with the 26-year-old victim. Bower entered a plea of not guilty.

{¶3} Thereafter, the State dismissed the attendant specification alleging that Bower committed the rape with a sexually-motivated purpose.

{¶4} On February 4, 2014, a jury trial commenced, and Bower was ultimately found guilty on both counts. On April 8, 2014, the trial court sentenced Bower to eight years in prison.

{¶5} Defendant timely appealed, and on May 18, 2015, Bower's conviction and sentence were affirmed. *State v. Bower*, 3d Dist. Shelby No. 17-14-14, 2015-Ohio-1889.[1]

{¶6} Meanwhile, on March 11, 2015, Bower filed a petition for post-conviction relief, pursuant to R.C. 2953.21, claiming that he was denied effective assistance of counsel as guaranteed to him by the Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution. Specifically, Bower challenged trial counsel's failure to call an expert witness, Dr. Dan Krane, to testify regarding the alternative ways that amylase, a component of saliva, could have been transferred to the victim's body. Attached to Bower's petition was (1) Bower's affidavit (2) written correspondences between trial counsel and Dr. Krane and (3) a copy of Dr. Krane's subpoena and its service instructions.

{¶7} By way of entry dated April 21, 2015, the trial court denied Bower's petition. In doing so, the trial court noted that the decision to forgo calling Dr. Krane was presumably trial strategy, as Dr. Krane's opinions primarily aligned with the testimony of the State's experts. Moreover, the State's experts conceded

---

[1] In our earlier decision, we stated that Bower's charge of kidnapping carried an attendant sexual-motivation specification and that the jury found Bower guilty of all charges in the indictment, including the specification. In fact, the sexual-motivation specification was indicted in connection with the sole count of rape, and the State ultimately dismissed the specification prior to the start of trial.

that the fluids found on the victim's body could have been transferred by several different means, including those asserted by Bower.

{¶8} It is from this judgment that Bower appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**TRIAL COURTS [SIC] DECISION/ORDER DENYING PETITIONERS [SIC], PETITION FOR POST CONVICTION RELIEF IS CONTRARY TO THE OHIO CONSTITUTION, ARTICLE 1:10, OHIO SUPREME COURT LAW AND LAW SET DOWN BY THE UNITED STATES CONSTITUTION, TO WIT.**

*Assignment of Error No. II*

**COUNSEL'S INEFFECTIVENESS VIOLATED MR. BOWERS [SIC] RIGHT TO PRESENT A DEFENSE.**

{¶9} Due to the nature of Bower's assignments of error, we elect to address them together.

*Assignments of Error Nos. I & II*

{¶10} In his first and second assignment of error, Bower argues that the trial court erred in denying his petition for post-conviction relief. Specifically, Bower claims that he was denied effective assistance of counsel as guaranteed to him by the Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution. We disagree.

{¶11} R.C. 2953.21, Ohio's post-conviction relief statute, provides those convicted of a felony offense " 'a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.' " *State v. Scott-Hoover*, 3d Dist. Crawford No. 3-04-11, 2004-Ohio-4804, ¶ 10, quoting *State v. Yarbrough*, 3d Dist. Shelby No. 17-2000-10, 2001 WL 454683, *3 (Apr. 30, 2001). "A petitioner must establish that there has been a denial or infringement of his constitutional rights in order to prevail on a petition for post-conviction relief." *State v. Wyerick*, 3d. Mercer No. 10-07-23, 2008-Ohio-2257, ¶ 11.

{¶12} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different." *Id.* at paragraph three of the syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *State v. Waddy*, 63 Ohio St.3d 424, 433 (1992), *superseded by constitutional amendment on other grounds as recognized by State v. Smith*, 80 Ohio St.3d 89, 103, 1997-Ohio-355.

{¶13} Further, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. *State v. Barnett*, 3d Dist. Logan No. 8-12-09, 2013-Ohio-2496, ¶ 45. "Ineffective assistance does not exist merely because counsel failed 'to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.' " *Id.*, quoting *Smith v. Murray*, 477 U.S. 527, 535, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

{¶14} In reviewing an effective assistance of counsel challenge, we are reminded that

> [j]udicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*State v. Carter*, 72 Ohio St.3d 545, 558 (1995). In other words, "trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." *State v. Thompson*, 33 Ohio St.3d 1, 10 (1987).

{¶15} Here, we cannot say that trial counsel's failure to call Dr. Krane as a witness was unreasonable. Bower avers that Dr. Krane's testimony was necessary because it contradicted the testimony of the State's experts, forensic scientists Malorie Kulp and Halle Garofola. According to Bower, "it was not fair for the states [sic] experts [sic] witness to imply that the DNA came from cunnilingus,

this tipped the scales of justice in favor of the prosecution." (Docket No. 261, p. 10). Bower maintains that Dr. Krane's testimony was necessary to establish that the fluids found on the victim's vaginal area could have been transferred by means other than oral sex. In reviewing Bower's evidence, we cannot reach the same conclusion.

{¶16} In the written correspondences between Dr. Krane and trial counsel, Dr. Krane indicated that he agreed with Ms. Kulp's finding that "the Y-chromosome DNA profile from the vaginal swab appears to be consistent with [Bower]." (Docket No. 261, Exhibit A4, p. 1). Dr. Krane further opined that although the results from the vaginal sample could be consistent with Bower engaging in oral sex with the victim, "they would also be consistent with a number of alternative means of DNA transfer including but not limited to touching, vaginal sex and secondary transfer." (Docket No. 261, Exhibit A4, p. 2).

{¶17} According to Bower, Dr. Krane's opinion was necessary to support Bower's claim that the fluids were transferred to the victim's vaginal area by way of touching. While it is true that Dr. Krane's opinion supported Bower's version of events, trial counsel elicited similar support from the State's experts on cross-examination. On multiple occasions, Ms. Kulp admitted that the fluids found in the victim's underwear could have resulted from the victim's menstrual cycle, which was ongoing at the time of the alleged rape. To that end, Ms. Kulp also

implied that the fluids could have resulted from events entirely unrelated to Bower. Furthermore, Ms. Garofola corroborated Bower's version of events insofar as she testified that it was "absolutely" possible that the fluids were transferred to the victim's vaginal area by way of touching. Trial Tr. p. 364.

{¶18} In reviewing the evidence attached to Bower's petition, it is abundantly clear that the substance of Dr. Krane's testimony was elicited and explored during the examination of the State's experts. As such, we cannot say that the decision to forgo calling Dr. Krane was unreasonable.

{¶19} Because Bower failed to establish that trial counsel's performance fell below an objective standard of reasonableness, we need not address whether Bower was prejudiced thereby.

{¶20} In addition to his claim of ineffective assistance of counsel, Bower also challenges the admissibility of Ms. Garofola's testimony. Specifically, Bower contends that Ms. Garofola improperly testified that the fluids found on the victim's body were "more than likely" transferred by means other than those asserted by Bower. Trial Tr. p. 364-365.

{¶21} Under the doctrine of res judicata

a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), at paragraph 9 of the syllabus. Here, Bower could have raised and litigated this claim on direct appeal, as the admissibility of Ms. Garofola's testimony could have been fairly determined without resort to evidence dehors the record. Thus, Bower's claim is barred by the doctrine of res judicata.

{¶22} In light of the foregoing, we cannot say that the trial court erred in denying Bower's petition for post-conviction relief. Accordingly, Bower's first and second assignments of error are overruled.

{¶23} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**