[Cite as *State v. Nava*, 2015-Ohio-5053.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 16-15-07

    v.

GILBERTO NAVA,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 12-CR-0042

Judgment Affirmed

Date of Decision:   December 7, 2015

APPEARANCES:

    *Howard A. Elliott for* Appellant

    *Eric J. Figlewicz for* Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Gilberto T. Nava, appeals the July 17, 2015 judgment of the Wyandot County Court of Common Pleas revoking his community control sanctions and sentencing him to seventeen months in prison. On appeal, Nava claims that the trial court erred in convicting him of allied offenses of similar import, and that his trial counsel was ineffective for failing to raise the issue at sentencing.

### Facts and Procedural History

{¶2} On July 11, 2012, the Wyandot County Grand Jury indicted Nava on one count of Theft of Drugs and one count of Receiving Stolen Property, both felonies of the fourth degree. The charges stemmed from Nava taking prescription drug pills containing the substance hydrocodone bitartrate from an acquaintance's home.

{¶3} Upon arraignment, Nava entered a plea of not guilty and was released on an own recognizance bond. Nava subsequently filed a motion for Intervention in Lieu of Conviction.

{¶4} On January 16, 2013, the trial court held a hearing on Nava's intervention motion. On the same day, Nava changed his plea to enter pleas of guilty to the Theft of Drugs count and the Receiving Stolen Property count stated in the indictment. In a January 23, 2013 judgment entry, the trial court granted

Nava's motion for Intervention in Lieu of Conviction and deferred the finding of "Guilty" to the charges "pending satisfactory completion of the Defendant's Intervention." (Doc. No. 26 at 4). The trial court ordered Nava to serve two years of intervention supervision with the first year being intensive supervision.

{¶5} On April 17, 2014, the Wyandot County Adult Probation Department filed a motion for capias on grounds that Nava had violated the conditions of his intervention supervision and had absconded. The State subsequently filed a "Motion to Terminate Intervention in Lieu of Conviction and Proceed to Sentencing," alleging that Nava had failed to comply with the intervention plan put into place by the court.

{¶6} At a hearing held on August 27, 2014, Nava admitted to violating the conditions of his intervention supervision as alleged by the State in its motion. As a result, the trial court found probable cause that Nava violated the conditions of his intervention supervision and also found Nava guilty of one count of Theft of Drugs and one count of Receiving Stolen Property as stated in the indictment. The trial court noted that the parties wished to bifurcate the matter and deferred sentencing for a later date.

{¶7} Prior to the sentencing hearing, the State filed a supplemental motion informing the trial court that Nava had continued to violate the conditions of his supervision by testing positive for marihuana, cocaine, and opiates on a drug

screen, and by failing to report to his probation officer. Thereafter, Nava failed to appear for his sentencing and a warrant was issued for his arrest.

{¶8} On November 5, 2014, Nava appeared for sentencing, where he admitted to the additional violations of the conditions of his supervision as alleged by the State in its supplemental motion, and where evidence was presented relating to the State's motion to terminate Nava's Intervention in Lieu of Conviction. In a judgment entry dated November 19, 2014, the trial court again journalized its finding of guilt on both counts in the indictment, which was previously deferred pending Nava's Intervention in Lieu of Conviction. The trial court ordered Nava's intervention be terminated unsuccessfully and placed Nava on three years of community control for both counts. The hearing transcript reflects that the trial court notified Nava on the record that his failure to comply with or complete the terms of his community control would result in the imposition of a seventeen month prison term for both counts to be served concurrently. Notification of the seventeen-month prison term was also included in the trial court's November 19, 2014 sentencing entry.

{¶9} On April 1, 2015, the State filed a motion for community control violations. Nava subsequently appeared for a hearing on the State's motion where he admitted to the community control violations and the trial court made a probable cause determination.

{¶10} On July 17, 2015, the trial court revoked Nava's community control and imposed a prison term of seventeen months for both offenses to be served concurrently.

{¶11} Nava filed this appeal, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**WHERE THE APPELLANT HAS ENTERED HIS PLEAS OF GUILTY TO CHARGES OF THEFT AND RECEIVING STOLEN PROPERTY OF THE SAME ITEM OF PROPERTY, THE SAME DATE, FROM THE SAME VICTIM, THE TRIAL COURT IS REQUIRED TO MERGE THE CONVICTIONS AND MAY ONLY SENTENCE ON ONE OF THOSE OFFENSES.**

## ASSIGNMENT OF ERROR NO. II

**WHEN THE APPELLANT IS FACING A THEFT CHARGE AND A RECEIVING STOLEN PROPERTY CHARGE FOR THE SAME PROPERTY, THE SAME VICTIM ON THE SAME DATE, TRIAL COUNSEL RENDERS INEFFECTIVE ASSISTANCE TO THE APPELLANT WHEN THEY FAIL TO RAISE THE ISSUE OF MERGER OF THOSE OFFENSES TO THE TRIAL COURT.**

### *Discussion*

{¶12} Nava's assignments of error both address the trial court's alleged failure to merge the charges as allied offenses. Because these assignments of error are intertwined, we elect to address them together.

*Allied Offenses*

**{¶13}** On appeal, Nava contends that the Theft of Drugs count and the Receiving Stolen Property count were allied offenses of similar import and should have been merged at sentencing. Specifically, he claims as a matter of law that the offenses merge because the charges relate to the same item of property stolen on the same date from the same victim. As a result, Nava argues that the matter should be remanded to the trial court for resentencing.

**{¶14}** As a preliminary matter, we note that "allied offense claims are nonjurisdictional and may be barred through application of the principles of res judicata." (Citations omitted.) *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013–Ohio–5259, ¶ 7. It is well established that Nava was required to raise his allied offense argument by directly appealing his November 19, 2014 conviction, which he failed to do. *See e.g., State v. Harlow*, 3d Dist. Union No. 14-04-23, 2005-Ohio-959, ¶ 8-12; *State v. Williams*, 2d Dist. Greene No. 2012-CA-43, 2014-Ohio-725, ¶ 12; *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031, ¶ 14–18.

**{¶15}** "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in

that judgment of conviction or on an appeal from that judgment. In turn, the time to challenge a conviction based on allied offenses is through a direct appeal." *State v. Dodson*, 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-6347, ¶ 9 (finding appellant's merger challenge on appeal from the revocation of his community control was barred by res judicata because he did not raise the issue of whether the offenses were allied offenses of similar import in a timely direct appeal of his conviction).

{¶16} On November 19, 2014, the trial court convicted and sentenced Nava to community control sanctions on both charges. At that time, Nava could have filed a direct appeal challenging the trial court's failure to merge the alleged allied offenses. Since Nava failed to file a direct appeal on this issue, he is now barred under the doctrine of res judicata from collaterally attacking his conviction through an appeal of the trial court's July 17, 2015 entry revoking his community control. Accordingly, we overrule Nava's first assignment of error as it relates to the trial court's failure to merge the Theft of Drugs and the Receiving Stolen Property offenses.

### *Ineffective Assistance of Counsel*

{¶17} Under his second assignment of error, Nava claims his trial counsel was ineffective in failing to object to the trial court's failure to merge his offenses as allied offenses of similar import.

{¶18} Nava's argument fails because it is contained in an untimely appeal from the judgment of his conviction and is barred by res judicata. Any ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal of his conviction. *See e.g.*, *State v. Guevara*, 6th Dist. Lucas No. L-12-1218; 2013-Ohio-728, ¶ 9; *State v. Wilson*, 2d Dist. Montgomery No. 23129, 2013–Ohio–180, ¶ 47-48; *State v. Lester*, 3d Dist. Auglaize No. 2–11–20; 2012-Ohio-135, ¶ 14. "If an alleged constitutional error [such as ineffective assistance of counsel] could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post-conviction proceeding." *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002–Ohio–2370, ¶ 9, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). Accordingly, we overrule the second assignment of error.

{¶19} For all these reasons, the assignments of error are overruled and the judgment is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**